UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NTCH-WA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>ZTE CORP.,<br><br>  Defendant. | NO: 12-CV-3110-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Defendant's Motion for Reconsideration (ECF No. 113). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

DISCUSSION

Motions to reconsider may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  A motion to reconsider is properly denied when a litigant "present[s] no arguments in his motion for [reconsideration] that had not already been raised" in the underlying motion.  *Taylor v. Knapp*, 871 F.2d 803, 805 (9th Cir. 1989).

Defendant asks the Court to reconsider its prior ruling that Plaintiff effectuated proper service of process in light of the Supreme Court's recent decision in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).  The Court has reviewed the *Bauman* decision and finds its holding inapposite to the issue of whether service of process was properly completed.  *Bauman* is a personal jurisdiction case which addresses the limits of a court's exercise of general jurisdiction over a foreign (*i.e.*, out-of-country) corporate defendant.  As relevant to the instant motion, the case holds that general jurisdiction may not be predicated solely on the defendant's contacts with the forum state through a subsidiary acting as the defendant's "agent" in the forum.  134 S. Ct. at 758-60.  General jurisdiction based solely on agency principles, *Bauman* explains, would "subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

jurisdiction'" that the Supreme Court rejected in prior cases. *Id.* at 760 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2856 (2011)).

Although *Bauman* rejects an agency analysis in the general jurisdiction context, it strongly suggests that agency principles remain relevant in the context of *specific* jurisdiction. Indeed, the case specifically notes that "a corporation can purposefully avail itself of a forum by *directing its agents or distributors to take action there*." *Id.* at 759 n.13 (emphasis added) (citing *Asahi Metals Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 112 (1987), *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945), and *Goodyear*, 131 S. Ct. at 2855)). If specific jurisdiction can be established over a foreign corporation on an agency theory, it necessarily follows that service of process—which is a prerequisite to establishing personal jurisdiction—can be accomplished by serving a foreign defendant's subsidiary acting as its agent in the forum state. That is precisely what Plaintiff did here. Accordingly, the motion for reconsideration of the Court's Order at ECF No. 55 is denied.

//

//

//

//

//

1  **IT IS HEREBY ORDERED:**

2  Defendant's Motion for Reconsideration (ECF No. 113) is **DENIED**.

3  The District Court Executive is hereby directed to enter this Order and

4  provide copies to counsel.

5  **DATED** February 27, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4