UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NTCH-WA, INC., <br><br>        Plaintiff, <br><br>   v. <br><br> ZTE CORPORATION, <br><br>        Defendant. | NO:  12-CV-3110-TOR <br><br> ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff NTCH-WA's "Motion for Clarification and/or Reconsideration of Protective Order" (ECF No. 127).  This matter was submitted for consideration without oral argument.  The Court has reviewed the record and files herein and is fully informed.

DISCUSSION

Plaintiff NTCH-WA has moved for "clarification and/or reconsideration" of Paragraph No. 22 of the Protective Order entered on May 13, 2014 (ECF No. 126). The motion is styled as a motion for "reconsideration" because the inclusion of

ORDER DENYING MOTION FOR CLARIFICATION AND/OR
RECONSIDERATION ~ 1

Paragraph No. 22 in the protective order was previously the subject of a dispute

which the parties submitted for informal resolution via letter briefs.  As Plaintiff

has now sought formal reconsideration of the Court's prior informal ruling, the

Court has appended to this Order the parties' letter briefs (Attachments A and B)

which were considered by the Court prior to entering the protective order.

Plaintiff's arguments are not well-taken.  Paragraph No. 22 of the protective

order is designed to streamline the discovery process by eliminating the hassle and

expense of *physically re-producing* documents that were made part of the trial

record in the arbitration proceedings, and are already within the possession of both

parties to this proceeding:

> The trial record in the arbitration . . . specifically including the
> transcript of the arbitration trial, all related briefing and memoranda,
> and the documents identified on the parties' trial exhibit lists which
> were deemed admitted in the arbitration trial, shall be deemed
> produced and designated as CONFIDENTIAL MATERIALS for
> purposes of this action (the "Arbitration Materials").  The Arbitration
> Materials **need not be produced *again* by any party in response to
> discovery requests, unless otherwise specifically requested.**  It is
> expressly understood and agreed by the parties that this paragraph
> is without prejudice to the parties' respective positions regarding the
> relevance and/or admissibility of such documents, the scope of this
> action, and the effect, if any, of the Arbitration on this action.

ECF No. 126 at 10-11 (emphasis added).  Contrary to Plaintiff's assertions, there is

no danger that this paragraph will allow Defendant to "circumvent the relevancy

requirements of the Federal Rules and improperly introduce Plaintiff's and the

non-party Arbitration Claimants' documents into this litigation."  ECF No. 127 at

ORDER DENYING MOTION FOR CLARIFICATION AND/OR
RECONSIDERATION ~ 2

2.  Indeed, Paragraph No. 22 specifically states that it cannot operate to waive any objection to the relevance of a particular document contained within the arbitration trial record.  As counsel for Defendant explained in her letter brief, this paragraph simply ensures that "neither side [will] be put to the expense of re-producing the same documents, which were already within the other party's possession, custody and control, by virtue of [having been exchanged during] the arbitration."

Lest there be any lingering confusion about the scope of Paragraph No. 22, the Court offers the following interpretation: If a document responsive to a discovery request is part of the arbitration trial record—"specifically including the transcript of the arbitration trial, all related briefing and memoranda, and the documents identified on the parties' trial exhibit lists which were deemed admitted in the arbitration trial"—that document need not be photocopied and mailed to opposing counsel again.  Pursuant to Paragraph No. 22, the document is automatically "produced" in the sense that it is deemed to have been already provided.  To the extent that the "producing" party has a specific objection to the *admissibility of that document* in these proceedings, it shall so notify the other party.  If the parties cannot agree about the admissibility of the document—after meeting and conferring in good faith—then they may seek a ruling from the Court in the ordinary course (preferably by way of an informal discovery conference).

ORDER DENYING MOTION FOR CLARIFICATION AND/OR RECONSIDERATION ~ 3

Because the Court recognizes the confidential nature of the arbitration trial record it deemed these records "CONFIDENTIAL."  With that label, paragraph 10 of the Order Governing Confidential Material (ECF No. 126) requires that if counsel seeks to use such evidence, it must be filed under seal. This not only preserves the confidential nature of the records, but also allows the opposing party to challenge the propriety of their use.

**IT IS HEREBY ORDERED:**

Plaintiff's "Motion for Clarification and/or Reconsideration of Protective Order" (ECF No. 127) is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** June 3, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR CLARIFICATION AND/OR
RECONSIDERATION ~ 4

ATTACHMENT  A

## HOLLYER BRADY LLP
60 EAST 42ND STREET
18TH FLOOR
NEW YORK, N.Y. 10165-6217

Lisa M. Sofio
sofio@hollyerbrady.com
(212) 682-1879

May 7, 2014

**Via Email**
The Honorable Judge Thomas O. Rice
United States District Court
Eastern District of Washington
Thomas S. Foley U.S. Court House

Re:    **NTCH-WA, Inc. v. ZTE Corporation**
       **Case No. 12 CV 03110**

Dear Judge Rice:

This firm represents Plaintiff in the above-referenced action.

Plaintiff served its First Request for Production of Documents on Defendant ZTE Corporation ("ZTE Corp.") January 22, 2014.

After receiving ZTE Corp.'s Responses and Objections to Plaintiff's First Request for Production of Documents (the "Responses"), in which ZTE Corp. objected to any document production, Plaintiff wrote the Court requesting a conference to discuss a motion to compel and motion for sanctions.

ZTE Corp. responded to the Court on April 11, 2014 and stated that despite the Objections asserted in its Responses, it was "prepared to produce documents, *including* its own documents and *including* documents not previously produced in the arbitration, immediately." Def.'s April 11 Ltr. at 3 (emphasis in original).

On April 16, 2014, Your Honor's Judicial Chambers Administrator, Bridgette Fortenberry, wrote the parties and advised that the Court directed the parties to meet and confer and agree on a protective order.

Thereafter, myself, on behalf of Plaintiff, and Ms. Besvinick, Mr. Bray, and Mr. Cochran, on behalf of Defendant, participated in two telephonic meet and confers regarding Defendant's proposed protective order and exchanged several emails. We agreed on all terms except for an extraneous provision demanded by Defendant which deals not with confidentiality of documents to be produced, but instead with a deemed production of documents from the arbitration which took place between, among others, Plaintiff and Defendant's wholly-owned subsidiary, ZTE (USA), Inc.

Specifically, Defendant insists on including a final paragraph which deems that materials which were produced by Plaintiff and its affiliates subject to a confidentiality order in the arbitration would be

automatically deemed produced in this action. A copy of the redline reflecting the agreed upon changes and the disputed final paragraph is attached hereto as Exhibit A.

Aside from being extraneous to the issue of a protective order, Plaintiff cannot agree to include this last paragraph (and other iterations of it) for several reasons, including: (1) Plaintiff cannot agree to lift the arbitration confidentiality order on behalf of other parties; (2) Plaintiff's counsel in this action has not had the opportunity to review all of Plaintiff's documents that Defendant would like to be deemed produced; and (3) sensitive and irrelevant information was produced in the arbitration on the understanding that arbitration was a confidential, inexpensive, and stream-lined procedure. The confidentiality order entered in the arbitration should be respected. *In re Teligent, Inc.*, 640 F.3d 53, 57-58 (2d Cir. 2011) ("Confidentiality is an important feature of the mediation and other alternative dispute resolution processes. Promising participants confidentiality in these proceedings "promotes the free flow of information that may result in the settlement of a dispute . . ."); *Pasternak v. Dow Kim*, 10 CIV. 5045 LTS JLC, 2013 WL 1729564, at *4 n.6 (S.D.N.Y. Apr. 22, 2013) (applying *In re Teligent* to arbitration); *Kelly v. Provident Life & Accident Ins. Co.*, 04-CV-0807-WQHJMA, 2008 WL 5132851 (S.D. Cal. Dec. 5, 2008) (holding that a court may not automatically modify a protective order in a collateral litigation).

In any event, the parties' disagreement concerning whether Defendant can use documents produced by Plaintiff and others in the arbitration should not serve as a barrier to the Court entering a protective order so that Plaintiff can receive <u>Defendant's</u> production. On May 2, 2014, I wrote Defendant's counsel and requested that they send a revised order including the terms on which the parties agreed. *See* Ex. B. Counsel responded yesterday that they "disagree regarding the confidentiality order" and "will proceed accordingly." *Id.*

Plaintiff is concerned that Defendant is using the protective order to continue to stall discovery in this case.[1] Defendant has inserted a provision into the proposed protective order that has nothing to do with confidentiality and is now refusing to agree to the protective order on that basis. Plaintiff respectfully submits that this is not what Your Honor had in mind when directing the parties to meet and confer and agree on a protective order. Moreover, the Scheduling Order provides that protective orders should not be used to delay proceedings. ECF No. 92 at 4. Plaintiff is facing an October 20, 2014 discovery cut-off and has not received any documents yet, despite serving its Request for Production on the first day permitted and well over three months ago.

Based on the foregoing, Plaintiff respectfully requests that the Court (1) direct Defendant to produce the documents it claimed it was prepared to produce "immediately" on April 11, 2014 on the understanding that such documents will be treated as confidential until a protective order is entered and (2) schedule a conference to address the terms of an appropriate protective order.

---

[1]    Notably, Defendant is using the fact that it has not produced any documents in this case to support its April 17, 2014 argument in favor of consolidation before the Judicial Panel on Multidistrict Litigation. *See In re ClearTalk-ZTE Arbitration Litigation*, MDL No. 2538, ECF No. 23 (stating that this case "is in the earliest stage of discovery, no documents having been produced and no depositions having been scheduled").

Respectfully Submitted,

/s/ Lisa M. Sofio
Lisa M. Sofio, Esq.
Hollyer Brady LLP

# Exhibit

# A



## Re: FW: REVISED Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits (3).docx

**Lisa Sofio** <sofio@hollyerbrady.com>          Mon, Apr 28, 2014 at 7:43 PM
To: "Besvinick, Laura" <laura.besvinick@hoganlovells.com>
Cc: "Thomas D. Cochran (TDC@witherspoonkelley.com)" <TDC@witherspoonkelley.com>, "Bray, Matthew R." <matthew.r.bray@hoganlovells.com>

Thanks. I have had further discussions with my co-counsel and client and Plaintiff does not agree to lift the Confidentiality Order entered by Justice Harding with respect to documents produced by Plaintiff in the arbitration. The documents were produced on the understanding that the arbitration was to be a confidential, streamlined procedure and Plaintiff understood that their use would be limited to that proceeding. Given your insistence on including a provision in the proposed order limiting the documents produced in this case to use in this case only (paragraph 1), I am sure you can respect this decision. I also understand that some of the documents were produced to ZTE USA only. You have indicated that you may seek relief from Justice Harding on this matter, but I trust that this will not hold up your production of other documents.

With respect to ZTE0000001-ZTE0253450 produced in the arbitration, I can get access to a database containing those documents created by Plaintiff's arbitration counsel and there is no need for you to reproduce them. I cannot, however, waive Plaintiff's right to challenge the confidentiality designation of those documents prior to reviewing them. You can designate them as "Confidential" pursuant to paragraph 2 of the proposed order if you feel that is appropriate.

Attached is a revised proposed order reflecting my changes to paragraph 23.

Regards,
Lisa M. Sofio
Hollyer Brady LLP
60 East 42nd Street, Suite 1825
New York, New York 10165
(212) 682-1879

On Fri, Apr 25, 2014 at 9:54 AM, Besvinick, Laura <laura.besvinick@hoganlovells.com> wrote:

Lisa:

This follows our preliminary meet-and-confer discussion yesterday, regarding the proposed confidentiality order.

1. Attached here is the proposed confidentiality order, amended as discussed, for your further consideration.

2. You indicated you were only prepared to discuss the confidentiality order yesterday, so we agreed to schedule a further meet-and-confer to address the specific document requests and objections, and to follow up on the proposed confidentiality order. The conference is set for next Wednesday, April 30 at 4.00 eastern.

understand that you will be discussing the matter with your co-counsel in the interim and that you will come to the next meet-and-confer prepared to discuss both the specific requests and objections and the proposed confidentiality order.

In the meantime, if there is anything you would like to discuss or any other proposed changes you would like us to consider, please do not hesitate to contact me.

**From:** Besvinick, Laura
**Sent:** Thursday, April 24, 2014 5:06 PM
**To:** Besvinick, Laura
**Subject:** REVISED Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits (3).docx

**About Hogan Lovells**
Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see w w w .hoganlovells.com.

CONFIDENTIALITY. This email and any attachments are confidential, except w here the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

**Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits 4.28.docx**
106K

1 THOMAS D. COCHRAN, WSBA 5910
  MICHAEL J. KAPAUN, WSBA 36864
2 WITHERSPOON KELLEY
  422 West Riverside Avenue, Suite 1100
3 Spokane, Washington 99201
  Phone: (509) 624 5265
4 Fax:    (509) 458 2728
5
  Email: tdc@witherspoonkelley.com
6        mjk@witherspoonkelly.com
7

The Honorable Thomas O. Rice

8          UNITED STATES DISTRICT COURT
9         EASTERN DISTRICT OF WASHINGTON

10 NTCH-WA, INC., a Washington
11 Corporation,

12         Plaintiff,
13
14 v.
15 ZTE CORPORATION, a business
16 incorporated under the laws of the
   People's Republic of China; and DOES
17 1 through 10, inclusive
18
19         Defendants.
20

Case No. 2:12-cv-03110-TOR

[PROPOSED] STIPULATED
AGREED ORDER GOVERNING
CONFIDENTIAL MATERIAL

21    Defendant ZTE Corporation (ZTE Corp."), and Plaintiff NTCH-WA, Inc.

22 ("NTCH-WA"), collectively (the "Parties"), by and through their respective

23

24 counsel, hereby stipulate and agree to the following Stipulated Agreed Order

25 Governing Confidential Material (the "AGREEMENT"):

26

27

28 [PROPOSED] STIPULATED AGREED
   ORDER GOVERNING CONFIDENTIAL
   MATERIAL: 1

**Wk WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100  Phone: 509.624.5265
Spokane, Washington 99201-0300  Fax: 509.458.2728

\\MI - 038886/000010 - 182528 v1

IT IS HEREBY AGREED THAT certain materials containing the parties' confidential and proprietary trade secrets, financial data, proprietary standards, guidelines and practices; employee contracts and compensation information, personal or private information regarding customers, and other business information the release of which could pose a significant risk of personal, business or competitive harm if made public, which are produced by the Plaintiffs or the Defendants in this action in response to discovery requests, or are produced by third parties to the Plaintiffs or the Defendants in connection with this action, and which the party or third party producing such information designates as CONFIDENTIAL, shall be protected as described in this AGREEMENT (hereinafter referred to as the "CONFIDENTIAL MATERIALS").

THEREFORE, by agreement of the Parties, IT IS HEREBY ORDERED:

1.  Any materials or material CONFIDENTIAL MATERIALS MATERIAL exchanged or obtained in discovery shall be used by the receiving party solely for the prosecution and/or defense of the lawsuit and for purposes of evaluation of settlement and for settlement negotiations, and not for any other purpose, including without limitation, any competitive or business purpose.

[PROPOSED] STIPULATED AGREED ORDER GOVERNING CONFIDENTIAL MATERIAL: 2



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

\MI - 038886\000010 - 182578 v1

Nothing contained herein shall restrict or prevent any party from disclosing or otherwise using any information or documents not obtained under this Order.

2.    Any party may designate the information it produces as "CONFIDENTIAL" if it believes, in its good faith judgment, that the material contains confidential, sensitive or proprietary information that falls within the foregoing description of CONFIDENTIAL MATERIALS.   The party shall make this designation by placing on every document or other material containing such information the legend "CONFIDENTIAL" prior to providing such document or other material or, if such method of designation is not feasible by providing other written notice of such designation.

3.    In the case of depositions, designation of the portion of the transcript, including exhibits, which contains "Confidential" information shall be made by a statement to such effect on the record in the course of the deposition. All copies of deposition transcripts that contain material designated as "CONFIDENTIAL" shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Clerk, the portions of such transcript designated "CONFIDENTIAL" shall be filed under seal.

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 3



**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

IMI - 033886.0000J10 - 182528 v1

4.      If, at any time, a party disagrees with the designation of a document

or other information as "Confidential" and protected by this Order, the parties

must first attempt to resolve the dispute by conferring pursuant to Rule 26.

Failure to challenge a "Confidential" designation shall not constitute an

admission that such designation is appropriate.  If the dispute is not resolved

through the conference process, then the designator will have fourteen (14) days

to move the Court for protection.  As provided in Rule 26(c), the burden of

establishing that any information or material should be designated and treated as

"Confidential" shall be on the party seeking to uphold the designation.  Any

disputed document or information will be treated as protected under this Order

unless and until the Court enters an order otherwise, or until the time period for

seeking such a ruling expires.

5.      Under no circumstances, other than those specifically provided for in

this AGREEMENT or subsequent agreement or a court order or with the explicit

consent in writing of the producing party with respect to specifically identified

CONFIDENTIAL MATERIALS, shall CONFIDENTIAL MATERIALS or their

contents in any way whatsoever be revealed, published, disclosed or otherwise

made known to persons other than the following:

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 4

**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

MF - 038886\000010 - 182528 v1

a.  the parties to this action;

b.  inside and outside counsel for the parties, as well as their employees assisting with this action;

c.  Outside photocopying, data processing, graphic production services or other vendors retained by counsel for a Party to assist in this litigation;

d.  experts or consultants retained in good faith to assist counsel in this litigation, but only upon the prior execution of an agreement to be bound by this AGREEMENT in the form attached hereto as Appendix A;

e.  court reporters who record testimony taken in the course of this litigation,

f.  the Court, pursuant to paragraph 910 of this AGREEMENT;

g.  any deponent or witness to whom counsel for a Party determines in the exercise of judgment reasonably exercised disclosure is necessary for the prosecution or defense of this litigation, including preparation for deposition or other testimony, provided that prior to disclosure such deponent agrees, in writing to be bound by the terms of this Order.

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 5



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

6.     Any deposition or portion thereof during which Information designated as "Confidential" is being disclosed by any party shall be taken as if in camera without any persons in attendance other than the deposition witness, and those identified in paragraph 4<u>5</u> (for "Confidential" Information).  The court reporter shall be provided with a copy of this Stipulated Confidentiality Agreement and Protective Order.

7.     Each person given access to the CONFIDENTIAL MATERIALS pursuant to paragraph 4<u>5</u> of this AGREEMENT shall be advised by counsel for the party giving access that the material or information is subject to the terms of this AGREEMENT and may not be disclosed other than pursuant to the terms thereof.

8.     Prior to disclosure of the CONFIDENTIAL MATERIALS to the parties in this action, counsel for the party seeking to make such disclosure shall provide to its client(s) a copy of this AGREEMENT and explain the terms and conditions thereof.

9.     Prior to disclosure of CONFIDENTIAL MATERIALS to any of the persons described in paragraph 4.c, d, and g. of this AGREEMENT, such persons shall first:

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 6

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

\MJ - 038886-000010 - 182528 v1

   a.  read this AGREEMENT; and

   b.  sign a copy of the Confidentiality Agreement attached hereto as

   Appendix A and thereby become subject to this AGREEMENT.  Copies

   of the signed Confidentiality Agreement are to be retained by counsel

   for the party making the disclosure.

In addition, upon request, but no later than thirty (30) days following a final

resolution of this action, persons described in paragraph 45.c, d and g. of this

AGREEMENT must destroy or promptly return all CONFIDENTIAL

MATERIALS to the producing party.

   10.    In the event that counsel for any party files with this Court any

CONFIDENTIAL MATERIALS or any papers containing or making reference to

such material or information, such documents, or the portions of them that

contain CONFIDENTIAL MATERIALS, shall be filed in a sealed envelope on

which substantially the following statement shall be endorsed shall be fviled

under seal pursuant to the E.D. Wa. instructions available at

http://www.waed.uscourts.gov/sites/default/files/u90/sealed_handout_civil.pdf.

:

FILED UNDER SEAL

Formatted: Left, Line spacing: Double

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL.: 7

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

MI - 038866-000010 - 182528 v1

CONFIDENTIAL

This envelope contains documents that are subject

to a Stipulated Agreement Governing Confidential

Material entered in this action.

11.   All such material so filed shall be maintained by the Clerk of the

Court separate from the public records in this action and shall be released only

upon Order of the Court.

121.   Entering into, agreeing to and/or producing or receiving materials or

otherwise complying with the terms of this AGREEMENT shall not:

    a.  prejudice in any way the rights of a party to object to the future

    production of documents it considers not subject to discovery;

    b.  prejudice in any way the rights of a party to attempt to introduce into

    evidence the CONFIDENTIAL MATERIALS, subject to any and all

    objections made thereto;

*Formatted: Line spacing: Double*

*Formatted: Indent: Left: 0", Right: 0", Line spacing: Double*

*Formatted: Line spacing: Double*

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 8

**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

MI - 038886·000010 - 182526 v1

c.  prejudice in any way the rights of a party to apply to the Court for a

protective order or an in camera inspection relating to any

CONFIDENTIAL MATERIALS or other discovery materials; or

d.  prejudice in any way the rights of a party to apply to the Court at any

time for an order removing a party's confidential designation.

123.  This AGREEMENT has no effect upon, and its scope shall not

extend to, a party's use of its own CONFIDENTIAL MATERIALS.

134.  Counsel for the parties will maintain, for in camera inspection by the

Court, copies of all Confidentiality Agreements signed pursuant to the provisions

of this AGREEMENT.

145.  The inadvertent production of CONFIDENTIAL MATERIALS

subject to the attorney-client, work-product or other privilege or doctrine shall not

waive any such privilege or doctrine. In addition, the fact that privileged

CONFIDENTIAL MATERIALS were inadvertently produced shall not be used

in any manner to support a claim of waiver.  Upon receiving notice from a party

that privileged or otherwise protected CONFIDENTIAL MATERIALS have been

inadvertently produced, any person or entity receiving such CONFIDENTIAL

MATERIALS shall return them and all copies, and all documents or other

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 9

 WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

M1 - 038065.000010 - 1825281 v1

material containing all or any portion of information contained in or derived from such CONFIDENTIAL MATERIALS shall be destroyed, within seven (7) business days to the producing party, unless the receiving party intends to challenge the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine. If the receiving party intends to challenge the producing party's claim(s) the receiving party nevertheless shall treat the CONFIDENTIAL MATERIALS as confidential, subject to this Order, and may not use the CONFIDENTIAL MATERIALS for any purpose other than making a motion to the Court that challenges the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine.

165. The inadvertent failure by a Party to designate CONFIDENTIAL MATERIALS as CONFIDENTIAL shall not be a waiver of such designation provided that the party who fails to make such designation informs the receiving party within seven (7) business days from when the failure to designate first became known to the producing party. The party receiving CONFIDENTIAL MATERIALS that the producing party inadvertently failed to designate as CONFIDENTIAL shall not be in breach of this Order for any use made of such information before the receiving party is informed of the inadvertent failure to

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 10

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

MI - 038886 000010 - 182528 v1

designate pursuant to this Paragraph.  Upon receipt of such notice, the receiving

party shall immediately take reasonable steps to ensure that any

CONFIDENTIAL MATERIALS disclosed to persons or entities not authorized to

receive it pursuant to this Order, and all copies thereof, are retrieved and secured

as required by this Order, and that the unauthorized persons or entities provided

with such CONFIDENTIAL MATERIALS agree, in writing, to be bound by the

provisions of this Order.                    .

167.   In the event additional parties to this litigation desire to have access

to the CONFIDENTIAL MATERIALS, neither such parties or their counsel or

their experts or consultants retained to assist said counsel shall have access to the

CONFIDENTIAL MATERIALS until said party or their counsel has executed

and filed with the Court a copy of this AGREEMENT, and has served a copy of

same on all counsel of record.

178.   After the termination of this proceeding, this AGREEMENT shall

continue to be binding upon the parties hereto and their successors and assigns,

and upon all persons to whom the CONFIDENTIAL MATERIALS has been

disclosed or communicated and the parties hereto agree that the Court shall retain

jurisdiction over the parties for enforcement of its provisions.


WITHERSPOON·KELLEY
Attorneys & Counselors

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 11

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

S:\l - 038886.000000 - 182528 v1

189.   Upon conclusion of this litigation and upon request of the producing party, all the CONFIDENTIAL MATERIALS and all copies thereof (including copies provided to testifying or consulting experts) shall either be destroyed or returned to the producing party along with an affidavit of counsel indicating that counsel has made a good faith effort to destroy or return all such CONFIDENTAL MATERIALS, and believes in good faith that all such copies have been destroyed or returned.

1920.   If any party (or their counsel) to this action receives a subpoena or other compulsory process demanding information, documents or materials considered "CONFIDENTIAL" pursuant to this AGREEMENT, the party or counsel receiving the subpoena or other compulsory process shall give written notice of the subpoena or other compulsory process to counsel for the producing party at least 14 days prior to the return date, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person by facsimile as soon as possible but in no event later than 72 hours prior to the return date.

210.   Absent notification in writing that the producing party has taken (or intends to take) action to protect the confidentiality of the requested information,

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 12

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

IMI - 038886 000010 - 182578 v1

document or material, the party or counsel subject to the subpoena or other

compulsory process may produce the requested information, document or

material on the return date provided it makes clear that such information,

documents and material were provided with the understanding that they would be

maintained confidentially pursuant to this AGREEMENT.

221.    The failure of either party to enforce any provision or provisions of

this AGREEMENT shall not be in any way construed as a waiver of any such

provision or provisions, nor prevent that party from thereafter enforcing each and

every other provision of this AGREEMENT.

223.    The parties agree that that all documents Bates-labeled

ZTE0000001-ZTE0253450 produced during discovery in the International Centre

for Dispute Resolution arbitration proceeding ~~consolidated arbitration between~~

~~Daredevil, Inc., PTA-FLA, Inc., NTCH-West Tenn, Inc., NTCH-WA, Inc., Eric~~

~~Steinmann, ZTE Corporation and ZTE USA, Inc.,~~ ICDR N 50 494 T 00665 11

(the "Arbitration"), may be produced in this action. ~~and~~ and others shall be

designated as CONFIDENTIAL MATERIALS ~~for purposes of~~ this action.  The

parties further agree that these documents ~~all documents produced by any party in~~

~~the Arbitration~~ consolidated arbitration shall be deemed produced for purposes of



[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 13

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

discovery in this action and need not be produced again by any party in response to discovery requests, unless otherwise specifically requested.    It is expressly understood and agreed by the parties that this paragraph is without prejudice to the parties' respective positions regarding the relevance and/or admissibility of such documents, the scope of this action, and the effect, if any, of the Arbitration on this action.

2324. The parties view this Stipulation and Proposed Order as binding pending signature of the Court.

DONE IN OPEN COURT, this ___ day of FebruaryApril, 2014.

_____
HONORABLE THOMAS O. RICE

///
///
///
///
///
///

WK  WITHERSPOON·KELLEY
Attorneys & Counselors

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 14

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

'MI - OO8886·0000101 - 182529 v1

1  *Presented by:*

2  **WITHERSPOON · KELLEY**

3

4

5  THOMAS D. COCHRAN, WSBA #5910
6  MICHAEL J. KAPAUN, WSBA #36864
   Counsel for Plaintiffs
7

8  **HOLLYER BRADY LLP**

9

10

11  LISA MARIE SOFIO, *Pro Hac Vice*
    Counsel for Plaintiff
12

13  *Approved as to form and content;*
    *Notice of presentment waived:*
14

15  **GALLAGHER & MOORE**

16

17

18  SHANNON GALLAGHER, *Pro Hac Vice*
    Counsel for Plaintiff
19  *Approved as to form and content;*
20  *Notice of presentment waived:*

21  **DICKSINSON LAW FIRM PLLC**

22

23

24  LISA J. DICKINSON, WSBA #29402
25  Counsel for Plaintiff

26

27

28  [PROPOSED] STIPULATED AGREED
    ORDER GOVERNING CONFIDENTIAL
    MATERIAL: 15

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

MI - 038886 000910 - 1182528 v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 16

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax. 509.458.2728

M1 - 038886/000010 - 182529 v1

**APPENDIX A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NTCH-WA, INC., a Washington Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, a business incorporated under the laws of the People's Republic of China; and DOES 1 through 10, inclusive<br><br>        Defendants. | Case No. 2:12-cv-03110-TOR<br><br>STIPULATED AGREED ORDER GOVERNING CONFIDENTIAL MATERIAL |

WHEREAS, Defendant ZTE Corporation and Plaintiff NTCH-WA, Inc. (in the above-captioned matter have entered into a Stipulated Agreed Order Governing Confidential Material (hereinafter "Agreement") governing the disclosure of Confidential Information in the above-captioned matter; and

WHEREAS, pursuant to the Agreement, the parties have determined that the undersigned is a person and/or entity to whom it may be necessary to disclose designated CONFIDENTIAL MATERIAL that may contain Confidential

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 17

wk **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

J.H - 034886 044010 - BC528 v1

Information and/or may be privileged, confidential, proprietary and/or inappropriate for disclosure as set forth in the Agreement; and

WHEREAS, pursuant to the Agreement all designated CONFIDENTIAL MATERIAL are required to be kept confidential and may not be disclosed or disseminated except as set forth in the Agreement; and

WHEREAS, the Agreement requires the execution of this Confidentiality Agreement which is referred to as "Appendix A" in the Agreement; and

WHEREAS, the undersigned has fully read and understands the terms and conditions contained in the Agreement and this Confidentiality Agreement;

NOW THEREFORE, the undersigned acknowledges, agrees and affirms that it/he/she has read the Agreement and this Confidentiality Agreement; fully understands all the terms and conditions contained in the Agreement and this Confidentiality Agreement; and shall be bound by and shall comply with the terms and conditions of the Agreement and any penalties and/or liability that may exist for breach of the Agreement by the undersigned.

IN WITNESS WHEREOF, the undersigned executes this Confidentiality Agreement as of the date written below.

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 18

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

AH - 038886 0000110 - 1825288 v1

SIGNATURE

Name: _____
(Please Print)

Title: _____

Address: _____

_____

_____

Telephone: _____

Date: _____

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

[PROPOSED] STIPULATED AGREED
ORDER GOVERNING CONFIDENTIAL
MATERIAL: 19

M1 - 03886-000110 - 182528 v1

# Exhibit

# B



Lisa Sofio <sofio@hollyerbrady.com>

## RE: FW: REVISED Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits (3).docx

1 message

**Besvinick, Laura** <laura.besvinick@hoganlovells.com>                Tue, May 6, 2014 at 3:53 PM
To: Lisa Sofio <sofio@hollyerbrady.com>, "Thomas D. Cochran (TDC@witherspoonkelley.com)"
<TDC@witherspoonkelley.com>, "Bray, Matthew R." <matthew.r.bray@hoganlovells.com>
Cc: Lisa Dickinson <lisa@dickinsonlawfirm.com>, Shannon Gallagher <sgallagher@gallagherandmoore.com>

Thank you for your email. We disagree regarding the confidentiality order and are disappointed we could not reach agreement to a compromise proposal to include the parties' trial exhibit lists. However, we understand your position and will proceed accordingly.

We are reviewing the revised requests with our client and will let you know later this week whether the revised requests resolve our objections to those requests.

On the privilege log issue, please advise the significance of August 2012.

Thank you.

**From:** Lisa Sofio [mailto:sofio@hollyerbrady.com]
**Sent:** Friday, May 02, 2014 5:54 PM
**To:** Besvinick, Laura; Thomas D. Cochran (TDC@witherspoonkelley.com); Bray, Matthew R.
**Cc:** Lisa Dickinson; Shannon Gallagher
**Subject:** Re: FW: REVISED Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits (3).docx

Counsel,

We cannot agree to the new proposal for paragraph 22. Please send a revised order so that we can get this signed and get your production as soon as possible.

Thank you for confirming the electronic production specifications.

We agree to narrow Document Request No. 2 as follows:

All internal communications concerning complaints or dissatisfaction expressed by United States companies regarding ZTE telecommunications infrastructure equipment in the period 2005 to 2010.

We agree to narrow Document Request No. 20 as follows:

All contracts or agreements between ZTE and ZTE USA, Inc. entered into in the period 2005 to 2010 involving technical support to be provided by ZTE with respect to ZTE telecommunications infrastructure equipment sold in the United States.

We can also agree to narrow Document Request Nos. 21-24 by limiting those requests to "communications" as opposed to "documents and communications" if you also agree to produce all bills of material or similar documents used in connection with the manufacturing of the base stations referred to in the Addendum.

In agreeing to narrow the Requests, we reserve the right to seek additional documents at a later time.

As to the privilege log, we can agree that neither party will need to log documents created after August 2012.

Regards,

Lisa M. Sofio

Hollyer Brady LLP

60 East 42nd Street, Suite 1825

New York, New York 10165

(212) 682-1879

On Thu, May 1, 2014 at 3:33 PM, Besvinick, Laura <laura.besvinick@hoganlovells.com> wrote:

Lisa:

In response to your request, attached are the exhibit lists discussed yesterday. As we discussed, in an effort to resolve our remaining differences related to the proposed protective order, we proposed that the documents on these lists be deemed produced in the case and covered by the proposed protective order, with the express provision that no party was waiving any objection regarding the documents' relevance, admissibility, etc. Any other documents produced by any party to the case – whether previously produced in the arbitration or not – would need to be produced by that party and designated as may be appropriate under the terms of the proposed protective order in this case.

Regarding the technical specifications for the electronic production, I can confirm that we will produce electronic documents in TIFF or JPEG format with .dat loadfiles, as requested, and that email metadata will include "To" and "From" fields.

Regarding No. 3, I advised you that we would be producing a document or documents which would show "ZTE [Corporation]'s corporate structure and officer identities throughout the period 2006-2010."

Regarding Nos. 6-11 and 14-15, I confirmed that no non-privileged documents were being withheld based on the stated objections.

Although not reflected in your email, we also discussed agreeing to a date after which the parties need not log documents or communications as privileged. I proposed April 2011, which is when litigation incepted. Please let me know if you are in agreement, so that we can proceed with preparation of the privilege log.

If you would like to discuss any of these matters further, please do not hesitate to contact me.

**From:** Lisa Sofio [mailto:sofio@hollyerbrady.com]
**Sent:** Wednesday, April 30, 2014 6:35 PM
**To:** Besvinick, Laura
**Cc:** Thomas D. Cochran (TDC@witherspoonkelley.com); Bray, Matthew R.; Lisa Dickinson; Shannon Gallagher
**Subject:** Re: FW: REVISED Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits (3).docx

Counsel,

I am writing to follow-up on our meet and confer this afternoon.

Regarding the confidentiality order, can you please send me a copy of the exhibit list(s) that reflect the arbitration exhibits you would like to produce in this case so that I am clear on your proposal? Also, can you please confirm that your new proposal is to have the exhibits on these list(s) plus ZTE0000001-ZTE0253450 included in paragraph 22 of the confidentiality order?

As to the document production, you agreed to get back to me on whether you will produce documents in "tff" or "jpg" format as opposed to searchable pdf format. You also agreed to get back to me on whether you can produce "dat" loadfiles. You confirmed that the "Author" field is the same as the "From" field. Finally, you confirmed that you are not withholding any documents on the basis of the objections you asserted in your Responses to Document Request Nos. 3, 6-11, and 14-15. If any of this is incorrect, please let me know as soon as possible.

I will get back to you on the following items as soon as possible:


-whether Plaintiff consents to your new confidentiality order proposal

-new proposed language for Document Request Nos. 2 and 20

-potential new proposed language for Document Request Nos. 21-24




Regards,

Lisa M. Sofio

Hollyer Brady LLP

60 East 42nd Street, Suite 1825

New York, New York 10165

(212) 682-1879


On Mon, Apr 28, 2014 at 7:43 PM, Lisa Sofio <sofio@hollyerbrady.com> wrote:

Thanks. I have had further discussions with my co-counsel and client and Plaintiff does not agree to lift the Confidentiality Order entered by Justice Harding with respect to documents produced by Plaintiff in the arbitration. The documents were produced on the understanding that the arbitration was to be a confidential, streamlined procedure and Plaintiff understood that their use would be limited to that proceeding. Given your insistence on including a provision in the proposed order limiting the documents produced in this case to use in this case only (paragraph 1), I am sure you can respect this decision. I also understand that some of the documents were produced to ZTE USA only. You have indicated that you may seek relief from Justice Harding on this matter, but I trust that this will not hold up your production of other documents.


With respect to ZTE0000001-ZTE0253450 produced in the arbitration, I can get access to a database containing those documents created by Plaintiff's arbitration counsel and there is no need for you to reproduce them. I cannot, however, waive Plaintiff's right to challenge the confidentiality designation of those documents prior to reviewing them. You can designate them as "Confidential" pursuant to paragraph 2 of the proposed order if you feel that is appropriate.


Attached is a revised proposed order reflecting my changes to paragraph 23.


Regards,

Lisa M. Sofio

Hollyer Brady LLP

60 East 42nd Street, Suite 1825

5/7/2014          Hollyer Bricolage - 2:12-cv-06110-TOR Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits (3) .docx

Case 2:12-cv-06110-TOR Document 129 Filed 06/03/14

New York, New York 10165

(212) 682-1879


On Fri, Apr 25, 2014 at 9:54 AM, Besvinick, Laura <laura.besvinick@hoganlovells.com> wrote:


Lisa:


This follows our preliminary meet-and-confer discussion yesterday, regarding the proposed confidentiality order.


1.    Attached here is the proposed confidentiality order, amended as discussed, for your further consideration.

2.    You indicated you were only prepared to discuss the confidentiality order yesterday, so we agreed to schedule a further meet-and-confer to address the specific document requests and objections, and to follow up on the proposed confidentiality order.  The conference is set for next Wednesday, April 30 at 4.00 eastern.   I understand that you will be discussing the matter with your co-counsel in the interim and that you will come to the next meet-and-confer prepared to discuss both the specific requests and objections and the proposed confidentiality order.


In the meantime, if there is anything you would like to discuss or any other proposed changes you would like us to consider, please do not hesitate to contact me.


---

**From:** Besvinick, Laura
**Sent:** Thursday, April 24, 2014 5:06 PM
**To:** Besvinick, Laura
**Subject:** REVISED Washington Proposed Confidentiality Order with NTCH-WA Proposed Edits (3).docx


---

**About Hogan Lovells**

Hogan Lovells is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP. For more information, see w w w .hoganlovells.com.


CONFIDENTIALITY. This email and any attachments are confidential, except w here the email states it can be disclosed; it may also be privileged. If received in error, please do not disclose the contents to anyone, but notify the sender by return email and delete this email (and any attachments) from your system.

ATTACHMENT  B



Hogan Lovells US LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
T +1 305 459 6500
F +1 305 459 6550
www.hoganlovells.com

May 8, 2014

**Via Electronic Mail**

The Honorable Judge Thomas O. Rice
United States District Court
Eastern District of Washington
Thomas S. Foley U.S. Court House

Re:   **NTCH-WA, Inc. v. ZTE Corporation**
      **Case No. 2:12-cv-03110-TOR**

Dear Judge Rice:

This firm represents defendant ZTE Corporation in the above-referenced matter. This letter responds to Ms. Sofio's letter to your Honor dated May 7, 2014.

As your Honor will recall, Ms. Sofio previously wrote to you on April 7, 2014, to raise issues regarding defendant's responses and objections to plaintiff's discovery requests, which had been timely served six weeks earlier. Plaintiff sent the April 7 letter to you having made no effort to meet and confer with counsel for defendant regarding the issues raised. Defendant responded to the April 7 letter on April 11, 2014, and suggested that most, if not all, of the issues raised by the April 7 letter could be resolved if the parties simply met and conferred as required by the rules. On April 16, 2014, the Court, through Ms. Fortenberry, "direct[ed] the parties to meet and confer and agree on a protective order."

We are pleased to report that, in fact, the parties were able to resolve almost all of the issues related to specific document requests raised by the April 7 letter. At this juncture, defendant is considering several requests that plaintiff has agreed to clarify or narrow to determine whether the newly-revised requests satisfy defendant's previously-stated concerns. Otherwise, all of the specific document request issues have been resolved.

The issue that remains is the scope of the confidentiality order. As the Court is aware, voluminous documents were previously produced in the arbitration between the parties. To facilitate production in the arbitration, the parties agreed to treat all of the documents produced as confidential. Plaintiff NTCH-WA was a claimant in the arbitration and its counsel in this matter, Mr. Gallagher, was counsel to all claimants, including NTCH-WA, in the arbitration. (In fact, Mr. Gallagher was lead counsel for claimants in the arbitration trial.) Defendant ZTE Corporation was a respondent in the arbitration and its counsel in this matter, Ms. Besvinick, was counsel for respondents, including ZTE Corporation, in the arbitration. Consequently, both the parties to this case and their counsel already have possession, custody and control of the universe of documents at issue.

Sensitive to this Court's directive that the parties "economically view the case and determine what discovery, under either theory of the arbitration award, would be due either side," we proposed that the parties agree to continue to treat the documents previously produced (between the parties) as confidential in the arbitration as confidential in this case. We also suggested that neither side be put to the expense of re-producing the same documents, which were already within the other party's possession, custody and control, by virtue of the arbitration. Finally, we proposed that the confidentiality order include a provision reflecting these agreements.

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia. "Hogan Lovells" is an international legal practice that includes Hogan Lovells US LLP and Hogan Lovells International LLP, with offices in: Alicante Amsterdam Baltimore Beijing Brussels Caracas Colorado Springs Denver Dubai Dusseldorf Frankfurt Hamburg Hanoi Ho Chi Minh City Hong Kong Houston Johannesburg London Los Angeles Luxembourg Madrid Miami Milan Moscow Munich New York Northern Virginia Paris Philadelphia Prague Rio de Janeiro Rome San Francisco São Paulo Shanghai Silicon Valley Singapore Tokyo Ulaanbaatar Warsaw Washington DC Associated offices: Budapest Jakarta Jeddah Riyadh Zagreb. For more information see www.hoganlovells.com

\\MI - 038886/000004 - 184463 v1

Plaintiff has objected to proceeding in this fashion. In support of its objection, plaintiff claims that it "cannot agree to lift the arbitration confidentiality order on behalf of other parties." But this claim has no basis in fact. Continuing to treat the documents previously produced in the arbitration as confidential in a case between a subset of the parties to the arbitration does not expand the universe of persons with access to the documents. Moreover, the "other parties" to whom plaintiff refers are not strangers to plaintiff or this case – they are Eric Steinmann, NTCH-WA's "development manager," and ClearTalk affiliates Daredevil, Inc., PTA-FLA, Inc., and NTCH-West Tenn, Inc. Plaintiff also claims that "plaintiff's counsel in this action has not had the opportunity to review all of plaintiff's documents," but this claim also rings hollow. As noted, Mr. Gallagher, counsel to plaintiff in this case, was lead counsel in the arbitration trial. Finally, plaintiff claims the "sensitive and irrelevant information was produced in the arbitration on the understanding that arbitration was a confidential . . . procedure." As noted above, defendant proposes to continue to treat the documents at issue as confidential in this case. Accordingly, it is unclear what harm our proposal could possibly cause to plaintiff or any of the other ClearTalk claimants.

Nonetheless, in an effort to keep this case moving forward, we proposed a compromise solution to plaintiff. We proposed that, rather than agreeing to treat *all* documents produced in the arbitration as produced and confidential in this case, the parties agree to treat only the arbitration trial record (i.e., the transcript of the arbitration trial, the related briefing and memoranda, and the documents identified on the parties' trial exhibit lists which were deemed admitted in the arbitration trial) accepted as produced and confidential in this case. The compromise proposal was intended to directly address plaintiff's stated concerns regarding the breadth of claimants' production in the arbitration and whether plaintiff's counsel had had the opportunity to review it in full. Plaintiff declined the compromise proposal without explanation.

In a further effort to meet plaintiff's concerns, we also agreed to include specific language in the protective order to make clear that production of documents pursuant to the confidentiality order would not be deemed a waiver of either party's objections based on relevance or admissibility.

Accordingly, <u>Defendant respectfully urges the Court to enter the proposed Confidentiality Order attached hereto as Exhibit A</u>. The proposed Confidentiality Order reflects the agreement of the parties, with the sole exception of paragraph 22, which reflects the defendant's compromise proposal.

As the Court knows, the question of the preclusive impact of the arbitration on these proceedings will need to be addressed by the Court at the appropriate time. In order for the Court to do that, the Court will need to have complete access to the arbitration trial record, at minimum. Moreover, defendant previously identified the documents "already produced by NTCH-WA and ZTE USA . . . in the Arbitration" in its Rule 26 initial disclosures as the documents that "may be used to support ZTE Corporation's defenses." Lastly, the documents are responsive to plaintiff's document requests to defendant. Defendant needs to produce them to plaintiff.

Based on the foregoing, we are prepared to make a full production to plaintiff, including the arbitration trial record, and intend to do so absent contrary direction from the Court. Thank you for your attention to this matter. We are available at the Court's convenience should the Court determine a hearing is appropriate.

Respectfully submitted,

Laura Besvinick
Partner
laura.besvinick@hoganlovells.com
D 305-459-6622
cc: All counsel of record

# EXHIBIT A

THOMAS D. COCHRAN, WSBA 5910          The Honorable Thomas O. Rice
MICHAEL J. KAPAUN, WSBA 36864
WITHERSPOON KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, Washington 99201
Phone:  (509) 624-5265
Fax:      (509) 458-2728

Email:  tdc@witherspoonkelley.com
            mjk@witherspoonkelly.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NTCH-WA, INC., a Washington Corporation, | |
| Plaintiff, | Case No. 2:12-cv-03110-TOR |
| v. | |
| ZTE CORPORATION, a business incorporated under the laws of the People's Republic of China; and DOES 1 through 10, inclusive | [PROPOSED] ORDER GOVERNING CONFIDENTIAL MATERIAL |
| Defendants. | |

IT IS HEREBY ORDERED  THAT certain materials containing the

parties' confidential and proprietary trade secrets, financial data, proprietary

standards, guidelines and practices; employee contracts and compensation

information, personal or private information regarding customers, and other

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 1

business information the release of which could pose a significant risk of

personal, business or competitive harm if made public, which are produced by the

Plaintiffs or the Defendants in this action in response to discovery requests, or are

produced by third parties to the Plaintiffs or the Defendants in connection with

this action, and which the party or third party producing such information

designates as CONFIDENTIAL, shall be protected as described in this ORDER

(hereinafter referred to as the "CONFIDENTIAL MATERIALS").

     1.     Any materials or CONFIDENTIAL MATERIALS exchanged or

obtained in discovery shall be used by the receiving party solely for the

prosecution and/or defense of the lawsuit and for purposes of evaluation of

settlement and for settlement negotiations, and not for any other purpose,

including without limitation, any competitive or business purpose.  Nothing

contained herein shall restrict or prevent any party from disclosing or otherwise

using any information or documents not obtained under this Order.

     2.     Any party may designate the information it produces as

"CONFIDENTIAL" if it believes, in its good faith judgment, that the material

contains confidential, sensitive or proprietary information that falls within the

foregoing description of CONFIDENTIAL MATERIALS.  The party shall make

this designation by placing on every document or other material containing such

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 2

**WK** WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

information the legend "CONFIDENTIAL" prior to providing such document or other material or, if such method of designation is not feasible by providing other written notice of such designation.

3.    In the case of depositions, designation of the portion of the transcript, including exhibits, which contains "Confidential" information shall be made by a statement to such effect on the record in the course of the deposition. All copies of deposition transcripts that contain material designated as "CONFIDENTIAL" shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Clerk, the portions of such transcript designated "CONFIDENTIAL" shall be filed under seal.

4.    If, at any time, a party disagrees with the designation of a document or other information as "Confidential" and protected by this Order, the parties must first attempt to resolve the dispute by conferring pursuant to Rule 26. Failure to challenge a "Confidential" designation shall not constitute an admission that such designation is appropriate.  If the dispute is not resolved through the conference process, then the designator will have fourteen (14) days to move the Court for protection.  As provided in Rule 26(c), the burden of establishing that any information or material should be designated and treated as "Confidential" shall be on the party seeking to uphold the designation.  Any

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 3

disputed document or information will be treated as protected under this Order unless and until the Court enters an order otherwise, or until the time period for seeking such a ruling expires.

5.    Under no circumstances, other than those specifically provided for in this AGREEMENT or subsequent agreement or a court order or with the explicit consent in writing of the producing party with respect to specifically identified CONFIDENTIAL MATERIALS, shall CONFIDENTIAL MATERIALS or their contents in any way whatsoever be revealed, published, disclosed or otherwise made known to persons other than the following:

a.  the parties to this action;

b.  inside and outside counsel for the parties, as well as their employees assisting with this action;

c.  Outside photocopying, data processing, graphic production services or other vendors retained by counsel for a Party to assist in this litigation;

d.  experts or consultants retained in good faith to assist counsel in this litigation, but only upon the prior execution of an agreement to be bound by this AGREEMENT in the form attached hereto as Appendix A;

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 4



422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

e.  court reporters who record testimony taken in the course of this litigation,

f.  the Court, pursuant to paragraph 10 of this AGREEMENT;

g.  any deponent or witness to whom counsel for a Party determines in the exercise of judgment reasonably exercised disclosure is necessary for the prosecution or defense of this litigation, including preparation for deposition or other testimony, provided that prior to disclosure such deponent agrees, in writing to be bound by the terms of this Order.

6.  Any deposition or portion thereof during which Information designated as "Confidential" is being disclosed by any party shall be taken as if in camera without any persons in attendance other than the deposition witness, and those identified in paragraph 5 (for "Confidential" Information).  The court reporter shall be provided with a copy of this Stipulated Confidentiality Agreement and Protective Order.

7.  Each person given access to the CONFIDENTIAL MATERIALS pursuant to paragraph 5 of this AGREEMENT shall be advised by counsel for the party giving access that the material or information is subject to the terms of this AGREEMENT and may not be disclosed other than pursuant to the terms thereof.

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 5



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

8.      Prior to disclosure of the CONFIDENTIAL MATERIALS to the

parties in this action, counsel for the party seeking to make such disclosure shall

provide to its client(s) a copy of this AGREEMENT and explain the terms and

conditions thereof.

9.      Prior to disclosure of CONFIDENTIAL MATERIALS to any of the

persons described in paragraph 4.c, d, and g. of this AGREEMENT, such persons

shall first:

    a.  read this AGREEMENT; and

    b.  sign a copy of the Confidentiality Agreement attached hereto as

    Appendix A and thereby become subject to this AGREEMENT.  Copies

    of the signed Confidentiality Agreement are to be retained by counsel

    for the party making the disclosure.

In addition, upon request, persons described in paragraph 5.c, d and g. of this

AGREEMENT must destroy or promptly return all CONFIDENTIAL

MATERIALS to the producing party.

10.      In the event that counsel for any party files with this Court any

CONFIDENTIAL MATERIALS or any papers containing or making reference to

such material or information, such documents shall be filed under seal pursuant to

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 6



WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

the E.D. Wa. instructions available at

http://www.waed.uscourts.gov/sites/default/files/u90/sealed_handout_civil.pdf.

11.    Entering into, agreeing to and/or producing or receiving materials or otherwise complying with the terms of this AGREEMENT shall not:

a.  prejudice in any way the rights of a party to object to the future production of documents it considers not subject to discovery;

b.  prejudice in any way the rights of a party to attempt to introduce into evidence the CONFIDENTIAL MATERIALS, subject to any and all objections made thereto;

c.  prejudice in any way the rights of a party to apply to the Court for a protective order or an in camera inspection relating to any CONFIDENTIAL MATERIALS or other discovery materials; or

d.  prejudice in any way the rights of a party to apply to the Court at any time for an order removing a party's confidential designation.

12.    This AGREEMENT has no effect upon, and its scope shall not extend to, a party's use of its own CONFIDENTIAL MATERIALS.

13.    Counsel for the parties will maintain, for in camera inspection by the Court, copies of all Confidentiality Agreements signed pursuant to the provisions of this AGREEMENT.

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 7

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

14.    The inadvertent production of CONFIDENTIAL MATERIALS subject to the attorney-client, work-product or other privilege or doctrine shall not waive any such privilege or doctrine. In addition, the fact that privileged CONFIDENTIAL MATERIALS were inadvertently produced shall not be used in any manner to support a claim of waiver.  Upon receiving notice from a party that privileged or otherwise protected CONFIDENTIAL MATERIALS have been inadvertently produced, any person or entity receiving such CONFIDENTIAL MATERIALS shall return them and all copies, and all documents or other material containing all or any portion of information contained in or derived from such CONFIDENTIAL MATERIALS shall be destroyed, within seven (7) business days to the producing party, unless the receiving party intends to challenge the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine.  If the receiving party intends to challenge the producing party's claim(s) the receiving party nevertheless shall treat the CONFIDENTIAL MATERIALS as confidential, subject to this Order, and may not use the CONFIDENTIAL MATERIALS for any purpose other than making a motion to the Court that challenges the producing party's claim(s) of attorney-client, work-product or other privilege or doctrine.

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 8



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

15.    The inadvertent failure by a Party to designate CONFIDENTIAL

MATERIALS as CONFIDENTIAL shall not be a waiver of such designation

provided that the party who fails to make such designation informs the receiving

party within seven (7) business days from when the failure to designate first

became known to the producing party.  The party receiving CONFIDENTIAL

MATERIALS that the producing party inadvertently failed to designate as

CONFIDENTIAL shall not be in breach of this Order for any use made of such

information before the receiving party is informed of the inadvertent failure to

designate pursuant to this Paragraph.  Upon receipt of such notice, the receiving

party shall immediately take reasonable steps to ensure that any

CONFIDENTIAL MATERIALS disclosed to persons or entities not authorized to

receive it pursuant to this Order, and all copies thereof, are retrieved and secured

as required by this Order, and that the unauthorized persons or entities provided

with such CONFIDENTIAL MATERIALS agree, in writing, to be bound by the

provisions of this Order.

16.    In the event additional parties to this litigation desire to have access

to the CONFIDENTIAL MATERIALS, neither such parties or their counsel or

their experts or consultants retained to assist said counsel shall have access to the

CONFIDENTIAL MATERIALS until said party or their counsel has executed

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 9

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

and filed with the Court a copy of this AGREEMENT, and has served a copy of same on all counsel of record.

17.    After the termination of this proceeding, this AGREEMENT shall continue to be binding upon the parties hereto and their successors and assigns, and upon all persons to whom the CONFIDENTIAL MATERIALS has been disclosed or communicated and the parties hereto agree that the Court shall retain jurisdiction over the parties for enforcement of its provisions.

18.    Upon conclusion of this litigation and upon request of the producing party, all the CONFIDENTIAL MATERIALS and all copies thereof (including copies provided to testifying or consulting experts) shall either be destroyed or returned to the producing party along with an affidavit of counsel indicating that counsel has made a good faith effort to destroy or return all such CONFIDENTAL MATERIALS, and believes in good faith that all such copies have been destroyed or returned.

19.    If any party (or their counsel) to this action receives a subpoena or other compulsory process demanding information, documents or materials considered "CONFIDENTIAL" pursuant to this AGREEMENT, the party or counsel receiving the subpoena or other compulsory process shall give written notice of the subpoena or other compulsory process to counsel for the producing

WK  WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

party at least 14 days prior to the return date, or, if the subpoena or other compulsory process has a return date of less than 14 days, notice shall be given to the designating person by facsimile as soon as possible but in no event later than 72 hours prior to the return date.

20.     Absent notification in writing that the producing party has taken (or intends to take) action to protect the confidentiality of the requested information, document or material, the party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date provided it makes clear that such information, documents and material were provided with the understanding that they would be maintained confidentially pursuant to this AGREEMENT.

21.     The failure of either party to enforce any provision or provisions of this AGREEMENT shall not be in any way construed as a waiver of any such provision or provisions, nor prevent that party from thereafter enforcing each and every other provision of this AGREEMENT.

22.     The trial record in the arbitration between Daredevil, Inc., PTA-FLA, Inc., NTCH-West Tenn, Inc.,  NTCH-WA, Inc., and Eric Steinmann, and ZTE Corporation and  ZTE USA, Inc., ICDR N 50 494 T 00665 11 (the "Arbitration"), specifically including the transcript of the arbitration trial, all

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 11

**WK** WITHERSPOON · KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300     Fax: 509.458.2728

related briefing and memoranda, and the documents identified on the parties' trial

exhibit lists which were deemed admitted in the arbitration trial, shall be deemed

produced and designated as CONFIDENTIAL MATERIALS for purposes of this

action (the "Arbitration Materials"). The Arbitration Materials need not be

produced again by any party in response to discovery requests, unless otherwise

specifically requested. It is expressly understood and agreed by the parties that

this paragraph is without prejudice to the parties' respective positions regarding

the relevance and/or admissibility of such documents, the scope of this action,

and the effect, if any, of the Arbitration on this action.


     DONE IN OPEN COURT, this ___ day of May, 2014.


                    _____

                    HONORABLE THOMAS O. RICE


[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 12



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

# APPENDIX A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NTCH-WA, INC., a Washington Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>ZTE CORPORATION, a business incorporated under the laws of the People's Republic of China; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case No. 2:12-cv-03110-TOR<br><br>STIPULATED AGREED ORDER GOVERNING CONFIDENTIAL MATERIAL |

  WHEREAS, the Court in the above-captioned matter has entered an Order Governing Confidential Material (hereinafter "Order") governing the disclosure of Confidential Information in the above-captioned matter; and

  WHEREAS, pursuant to the Order, the parties have determined that the undersigned is a person and/or entity to whom it may be necessary to disclose designated CONFIDENTIAL MATERIAL that may contain Confidential Information and/or may be privileged, confidential, proprietary and/or inappropriate for disclosure as set forth in the Order; and

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 13



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100  Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

WHEREAS, pursuant to the Order all designated CONFIDENTIAL MATERIAL are required to be kept confidential and may not be disclosed or disseminated except as set forth in the Order; and

WHEREAS, the Order requires the execution of this Confidentiality Agreement which is referred to as "Appendix A" in the Order; and

WHEREAS, the undersigned has fully read and understands the terms and conditions contained in the Order and this Confidentiality Agreement;

NOW THEREFORE, the undersigned acknowledges, agrees and affirms that it/he/she has read the Order and this Confidentiality Agreement; fully understands all the terms and conditions contained in the Order and this Confidentiality Agreement; and shall be bound by and shall comply with the terms and conditions of the Order and any penalties and/or liability that may exist for breach of the Order by the undersigned.

IN WITNESS WHEREOF, the undersigned executes this Confidentiality Agreement as of the date written below.

_____
SIGNATURE

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 14

**W|K  WITHERSPOON · KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728

Name: _____

(Please Print)

Title: _____

Address: _____

_____

_____

Telephone: _____

Date: _____

[PROPOSED] ORDER GOVERNING
CONFIDENTIAL MATERIAL: 15

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300    Fax: 509.458.2728